IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKKO T. SEKIYA,

       Plaintiff,

v.                                    No. 17cv283 JCH/KK

MARK ZUCKERBERG and
SHERYL SANDBERG,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 2, 2017 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 2, 2017 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is unemployed and has no income; (ii) Plaintiff has no cash and no funds in bank accounts; and (iii) Plaintiff has no assets. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he is unemployed, and has no income, cash or assets.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff asserts invasion of privacy and defamation claims against Defendant Mark

Zuckerberg, Chairman and founder of Facebook, and Defendant Sheryl Sandberg, Chief Operating Officer of Facebook.  Plaintiff alleges that Defendant Zuckerberg allowed Plaintiff's Facebook accounts continue to be active without Plaintiff's approval, that Facebook "has let certain videos be shown that should have not been and goes aginst [their] whole polic[y] of showing anything that goes against moralistic values and or sexual content," and that Plaintiff does not have access to his Facebook accounts.   None of the factual allegations mention Defendant Sandberg.

> Plaintiff previously filed a complaint against Facebook based on the same facts:
>
> Defendant owner of Facebook/unknown . . . is the one who has not shut my Facebook down.
> . . . .
>
> The case consist[s] of numerous videos being showed on Facebook of my day to day life in the rest room, shower, even having sex etc.   Violating my privacy act.
> . . . .
>
> Three Facebook accounts under my name Mikko Sekiya, that I can not log into and have not been able to for the last two years.
> . . . .
>
> Three Facebook accounts that have been open for two years with out me ever being able to log on.

Doc. 5 at 2-4, in *Sekiya v. Facebook*, No. 16cv1368 KG/SCY (D.N.M., filed January 3, 2017). Judge Gonzales dismissed the complaint against Facebook and the unknown owner of Facebook stating:

> Defendants are immune to Plaintiff's cause of action.  The Communications Decency Act, 47 U.S.C. § 230, "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."  *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (D.C. Cir. 1997); 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider").  "Facebook qualifies as an interactive computer service."  *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014).

Doc. 5 at 3, in *Sekiya v. Facebook*, No. 16cv1368 KG/SCY.

The Court will dismiss the Complaint against Defendants Zuckerberg and Sandberg without prejudice because they are immune to Plaintiff's claims pursuant to the Communication Decency Act. There are no allegations that Defendants Zuckerberg and Sandberg created the videos for which Plaintiff seeks to hold them liable. "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). "Mark Zuckerberg, too, qualifies for protection because he is a 'provider' of Facebook's interactive computer service." *Klayman v. Zuckerberg*, 753 F.3d 1357-58

Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.   *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 2, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to

5

42 U.S.C. § 1983, Doc. 1, filed March 2, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

                                                                   _____
                                                                   **UNITED STATES DISTRICT JUDGE**